IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ZURICH SPECIALTIES LONDON LIMITED, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 C 2171 |
| | ) | |
| VILLAGE OF BELLWOOD, ILLINOIS, municipal corporation, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 5, 2007, defendants Village of Bellwood and Donald Lemm filed a motion to dismiss plaintiff's complaint. Among other reasons, they claimed that plaintiff did not satisfy the $75,000 amount in controversy, a requirement for diversity jurisdiction. That was because the amount of potential indemnity could not be considered and because plaintiff had to submit "competent proof" that the amount at stake exceeded $75,000, evidence that establishes "to a reasonable probability that jurisdiction exists."

Plaintiff responded on August 20, 2007. Before it did so it filed a Rule 11 motion for sanctions against counsel on August 9, 2007. It pointed out that Meridian Security Insurance Co. v. Sadowski, 441 F.2d 536 (7th Cir. 2006)held that the district court cases that defendants relied upon were flat-out wrong. The amount of potential indemnity should be considered and plaintiff need only have a good faith basis for asserting that the potential recovery could exceed $75,000. The same contention was advanced in plaintiff's response to the motion to dismiss. And it was right. According to plaintiff, it provided a copy of Sadowski to the movant defendants on July 5, 2007.

Defendants' motion to dismiss reply, filed September 4, 2007, recognizes that <u>Sadowski</u> controls. Their response on September 12, 2007, to the sanctions motion does the same. But then they go on to provide a gloss on <u>Sadowski</u> it cannot, even remotely, support. True it is that a plaintiff may have to provide evidence to support diversity jurisdiction. For example, it may have to show that its citizenship is diverse. But a claim for damages is a prediction of what a winning plaintiff might possibly recover or avoid, and here damages in excess of $75,000 are possible. That is enough. What a plaintiff may ultimately recover or avoid is irrelevant. Further, the fact that the motion relied on other grounds as well, grounds that have not yet been considered, is equally irrelevant. Reliance on the contention that the damages allegations were insufficient to support diversity jurisdiction was not withdrawn.

We are at a loss to understand how these defendants missed <u>Sadowski</u> in the first place. Rule 11 does, however, provide for a safe harbor. If defendants, within the time limitations provided by the Rule, had withdrawn their reliance on that contention, they would not be in violation of the Rule. But they did not, and they are in violation. The standard is objective, not subjective, and litigation is very expensive. Accordingly, counsel may have to reimburse a party for unwarranted expenses even though they acted in good faith.

But what are the expenses? Plaintiff was called upon to write three briefs which, in whole or in part, discussed an issue that it should not have had to address. We award attorneys fees to plaintiff, to be paid by defendants' counsel for the time expended to address those issues.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov 1 , 2007.