IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZURICH SPECIALTIES LONDON LIMITED, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 07 C 2171 ) |
| VILLAGE OF BELLWOOD, ILLINOIS, a municipal corporation, GREGORY MOORE, DONALD LEMM, NICHOLAS NARDUCCI and ST. PAUL FIRE & MARINE INSURANCE COMPANY, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On February 28, 2001, Nicholas Narducci sued the Village of Bellwood and two individuals, <u>Narducci v. Village of Bellwood</u>, 01 C 1425 (N.D. Ill.) (Bellwood), claiming that certain of his telephone calls had allegedly been wiretapped during the period April, 1997, through October 6, 2000. It was amended to be a class action shortly after filing. Zurich Specialties Limited (Zurich) had issued policies to the Village of Bellwood and it undertook the defense pursuant to a reservation of rights.

More than six years later, on April 19, 2007, Zurich brought this declaratory judgment against Bellwood, Narducci and St. Paul Fire & Marine Insurance Company (St. Paul), claiming that it has no duty to defend and alleging, among other things, it is subrogated to the rights of Bellwood against St. Paul, and that St. Paul had the duty to defend and thus should reimburse Zurich. It also claims unjust enrichment against St. Paul and, alternatively, that St. Paul has the primary coverage, or has co-primary coverage with Zurich. About two

months later St. Paul sued Bellwood and Narducci in state court, St. Paul Fire and Marine Insurance Company v. Village of Bellwood, Illinois, Donald Lemm, Gregory Moore and Nicholas Narducci, 07 CH 17650. It there sought a declaratory judgment that it had no duty to defend or indemnify. It alleged that it had denied coverage, based on a letter description of the claims, back in February, 2001.

We thus have a declaratory judgment action here by Zurich suing, among others, St. Paul and Bellwood, and a subsequent declaratory judgment action by St. Paul against Bellwood and Narducci, but not Zurich, in state court. St. Paul and Bellwood move to dismiss. St. Paul's motion alternatively seeks a stay. Those motions are denied.

Bellwood's motion is, in part, based on the contention that Zurich has not established the requisite jurisdictional amount of $75,000 in this diversity action, a contention we have previously rejected. Otherwise, both motions are based upon the Colorado River doctrine, Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Colorado River established the doctrine that in appropriate circumstances a federal action could be stayed in favor of a parallel state action. Those appropriate circumstances must, however, be "exceptional circumstances" (*id.* at 813), because federal courts have "virtually unflagging obligation" to exercise jurisdiction (*id.* at 817), and "[o]nly the clearest of justifications" justifies abstention (*id.* at 819). Between Colorado River and Seventh Circuit cases, the Court of Appeals has listed ten factors to consider in determining whether abstention is appropriate, while also recognizing that those factors are not to be applied mechanically. *See* Sverdrup Corp. v. Edwardsville School District No. 7, 125 F.3d 546 (7th Cir. 1997).

But first we must determine whether the state case is a parallel action. In major respects it may well be. Zurich alleges, in part, that it is subrogated to the rights of the insured

against St. Paul. If the insured's rights and St. Paul's obligations are sorted out in the state court action (and they apparently would be), that result should control Zurich's subrogation rights. The parties need not be identical. <u>Lumen Construction, Inc. v. Brant Construction Co., Inc.</u>, 780 F.2d 691 (7th Cir. 1986). But Zurich's complaint is not restricted to the possible relationship between itself and St. Paul. It also claims that on the basis of its own policy it does not have the duty to defend or to indemnify. That claim is not being litigated in the state action and Zurich is not a party to that action. That is enough to doom the motion of the Bellwood defendants, and we deny it.

A consideration of the ten factors leads us to deny the motion of St. Paul as well. This case does not involve a *res*. The federal court and state court here are but a few blocks apart and are equally convenient. Piecemeal litigation is inevitable since the initial Zurich policy claims are being litigated only in federal court. The federal case was first filed by several weeks, which counsels against abstention. State law controls, but that is so in every diversity case. The state action cannot protect Zurich's rights, as it is not a party in the state action and it has claims independent of the claim of any of the parties in that action. We are unaware of any substantially different progress in the two actions, some party in the state action may well have been able to bring in Zurich, but no one has. There cannot be removal by Zurich if it is not a party, and we have no reason to believe that Zurich's independent claim is vexatious or contrived. All in all, there is little to distinguish this case from the many parallel actions that, unfortunately, must continue to be litigated in both state and federal court unless the parties agree otherwise.

JAMES B. MORAN
Senior Judge, U. S. District Court

_Nov. 8_, 2007.